George B. Tepper, J.
The gravamen of the charge against each defendant was that he used a surfboard in the waters adjacent to the Ocean Beach Park of the City of Long Beach, in violation of the Municipal Code (ch. 6, art. 1, § 6-113.2).
The testimony of the complaining witnesses established that the. defendants were surfing on their surfboards approximately 75 feet from the shore line of the beachfront of the city.
While the defendants raised an issue as to where they entered the water with their surfboards, this court decides that the point of entry is immaterial.
The main issue raised by the defendants was that the-city had no jurisdiction beyond the mean high water line of the Atlantic Ocean by reason of the fact that under section 2 of the City Charter that line constitutes the southerly boundary of the city limits.
Subdivision (c) of section 6-113.2 of the Municipal Code provides as follows: “No person shall be permitted to * * * use any surf board in the waters adjacent to the area described in subdivision (a) without first having applied for and obtained a license or permit therefor, which said license or permit shall be issued by the City Clerk. ’ ’ The areas described in subdivision (a) of that section are the “ Ocean Beach Park and waters adjacent thereto ”.
Defendants claim that the section under which they are being prosecuted is unconstitutional by reason of the fact that the city is attempting to exercise jurisdiction beyond its geographical limits.
The presumption of the constitutionality of a statute is a strong one, and in order to declare a law unconstitutional, its invalidity must be demonstrated beyond a reasonable, doubt. *641 (People v. Pagnotta, 25 N Y 2d 333, 337; De Sena v. Gulde, 24 A D 2d 165.)
The powers and jurisdiction of any city are those specifically delegated to it by the State Legislature either in its charter or by .some other State Law.
The State Law of the State of New York sets forth the powers of the State with respect to offshore waters. Section 7-a thereof provides as follows:
“ Jurisdiction and ownership of offshore waters and lands thereunder. 1. The jurisdiction of this state shall extend to and over, and be exercisable with respect to, waters offshore from the coasts of this state as follows: * * *
‘ ‘ (b) The marginal sea to a line three geographical miles distant from the coast line and to any other line farther seaward therefrom hereinafter defined or recognized by the United States of America by international treaty or otherwise.” (Italics added.)
By this law the State reserved unto itself jurisdiction over and ownership of the offshore waters and lands thereunder to a distance as indicated therein.
However, under section 20 of the General City Law, the Legislature granted certain specific powers to cities with respect to control and administration of the waterfronts and waterways.
Section 20 of the General City Law provides: ‘£ Grant of Specific Powers. Subject to the constitution and general laws of this state, every city is empowered: * * *
“ 8. To control and administer the water front and waterways of the city and to establish, maintain, operate and regulate docks, piers, wharves, warehouses and all adjuncts and facilities for navigation and commerce and for the utilisation of the water front and waterways and adjacent property.” (Italics added.)
The Legislature, by adopting the Charter of the City of Long Beach, granted certain additional powers to the city. Under section 3 of the city charter, it is provided: ‘£ Except as otherwise provided by law, the city shall have fnll power and exclusive control over the streets and highways, parks, public waters and other public places.” (Italics supplied.)
Under subdivision 2 of section 74 of the city charter, -the common council of the city is granted authority to enact ordinances : ££ To preserve and protect * * * other waters of the city * * * to prohibit or regulate bathing or swimming in any waters in the city ’ ’.
Under subdivision 9 of section 74, the common council of the city is also authorized: ‘1 To pass such other and further ordi *642 nances not inconsistent with the laws of the state as shall be deemed expedient for * * * the preservation of health”.
While ordinarily a city’s jurisdiction is limited to the territory within its boundaries, as set forth in its charter, it appears that pursuant to subdivision 8 of section 20 of the General City Law, the State has delegated to cities the power to control and administer the waterfront. ' .
What is the meaning of the word “ waterfront ”, as contained in the statute? Defendants urge that this means the property within the city limits adjacent to water, but not to the waters of the Atlantic Ocean, beyond the high water mark. If this were the meaning intended by the Legislature, the law would have been entirely superfluous since cities have already been granted power to control and administer all of the territory within their boundaries.
If defendants ’ contention were to be sustained, it would mean that the city could only administer the beach and lands up to the mean high water mark of the ocean. Who, then, would have the obligation to administer and control the waters beyond the city limits in the ocean adjacent to such beach? The State, then, would control the waters while the city could only control the beach. Surely, this was not the intention of the Legislature.
By enacting the laws cited, supra, the State delegated to the cities powers to administer and control the waters adjacent to the beach.
Accordingly, the section of the Municipal Code of the City of Long Beach, under which the defendants were prosecuted, is constitutional and a proper exercise of the police power by the city. Since the defendants were surfing in the waters adjacent to the beach, they violated the section as charged in the informations and are accordingly found guilty.
Defendants are required to appear before this court on August 5,1970 at 9:30 a.m. for sentencing.